D/F

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
JOSY ISLAM,

       Plaintiff,

  -against-

WILLIAM P. BARR, Attorney General of the
United States, UNITED STATES CITIZENSHIP
AND IMMIGRATION SERVICES, KEVIN K.
MCALEENAN, Acting Secretary of United
States Department of Homeland Security,
KENNETH T. CUCINELLI, Acting Director of
United States Citizenship and Immigration
Services, BARBARA VELARDE, Chief,
Administrative Appeals Office, United States
Citizenship and Immigration Services, and
THOMAS CIOPPA,

       Defendants.*
-------------------------------------------------------------X

**MEMORANDUM & ORDER**

**19-CV-161 (NGG) (ST)**

NICHOLAS G. GARAUFIS, United States District Judge.

  Plaintiff Josy Islam, a native and citizen of Bangladesh, filed this action challenging the denial of her Form I-485, Application to Register Permanent Residence or Adjust Status ("Form

---

* In their motion to dismiss, Defendants have informed the court of the following substitutions, which the court finds proper under Federal Rule of Civil Procedure 25(d): William Barr, Attorney General of the United States, for Matthew Whitaker, former Acting Attorney General; Kevin McAleenan, Acting Secretary of United States Department of Homeland Security ("DHS") for Kirstjen Nielson, former Secretary of DHS; and Kenneth T. Cucinelli, the Acting Director of United States Citizenship and Immigration Services ("USCIS"), for Lee Francis Cissna, former Director of USCIS. (See Defs. Mem. in Supp. of Mot. to Dismiss ("Mem.") (Dkt. 19) at 1 n.1-3.) The Clerk of Court is respectfully DIRECTED to amend the caption of this case accordingly.

Additionally, the court notes confusion over Defendant Thomas Cioppa. The complaint identifies Cioppa as the District Director of the Queens Field Office of USCIS. (Compl. (Dkt. 1).) But on the cover page of their memorandum in support of their motion to dismiss, Defendants describe him as the District Director of the New York City District Office of USCIS. (Mem.) Moreover, in an initial list of defendants in the body of the memorandum itself, Defendants replace Cioppa with Brian Meier—described as the Director of the Queens Office of USCIS—and accompany that name with the following footnote: "Lee Bowes is now the Director of USCIS's New York City District Office, and therefore, is substituted, pursuant to Fed. R. Civ. P. 25(d), for defendant Thomas Cioppa, former Director of the New York City District Office." (Mem. at 1, 1 n.4.) It is not clear whether Defendants intended to substitute Bowes or Meier for Cioppa, nor which job title is correct. The court therefore declines to remove Cioppa as a defendant in this action.

1

I-485"), on the grounds that USCIS's denial of the application was arbitrary, capricious and in violation of law. (Compl.) Currently pending before the court is Defendants' motion to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction, or, alternatively, under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim for which relief may be granted.

For the following reasons, Defendants' motion to dismiss is GRANTED.

## I. BACKGROUND

The court takes the following statement of facts from Plaintiff's amended complaint, the well-pleaded allegations of which the court generally accepts as true for purposes of a motion to dismiss. See N.Y. Pet Welfare Ass'n v. City of New York, 850 F.3d 79, 86 (2d Cir. 2017).

Plaintiff is a citizen of Bangladesh. (Compl. ¶ 7.) She last entered the United States on June 4, 1994, when she was thirteen years old, via the U.S.-Mexico border. (Id.) She came with her parents and twin sister, and had no input in the family's decision to travel to the United States. (Id. ¶ 22.) The family travelled from Bangladesh to Mexico and then came into the United States on approximately June 4, 1994. (Id.)

On August 3, 1994, Plaintiff's father, Zahirul Islam, filed an application to seeking asylum in the United States. (Id. ¶ 24.) Mr. Islam's wife and two daughters, including Plaintiff, were included as beneficiaries on his application. (Id.) This application was referred to the Immigration Court, and was denied on July 21, 1997. (Id.) Mr. Islam and his family were granted voluntary departure, and appealed their cases to the Board of Immigration Appeals ("BIA") on August 18, 1997. (Id.) The appeal was dismissed on March 22, 2002. (Id.) Mr. Islam and his family filed Motions to Reopen with the BIA on June 24, 2002 but, after Plaintiff's motion was dismissed on December 20, 2002, Plaintiff's parents made the decision to leave the

2

United States. (Id.) They left Plaintiff and her sister in the United States in the care of Mr. Kazi Islam, Zahirul Islam's brother and a United States citizen. (Id.) Additionally, Zahirul Islam was the beneficiary of an I-130 petition filed for him on or around March 24, 1999 by his brother. (Id. ¶ 25.) Plaintiff was a derivative beneficiary of this I-130 petition. (Id.)

Following her parents' departure from the United States, Plaintiff began working unlawfully. (Id. ¶ 26.) She has "always paid all her taxes from the time she started working." (Id.) Plaintiff also entered community college, and has completed an associate's degree. (Id. ¶ 27.) She then met her now-husband, Rajib Miah, a U.S. citizen. (Id.) They got married on March 15, 2013. (Id.) Mr. Miah's family does not approve of the marriage and has disowned him. (Id. ¶ 28.)

On May 24, 2013, Mr. Miah filed an I-130 petition for Plaintiff. (Id. ¶ 30.) This I-130 Petition was approved by USCIS on October 1, 2014. (Id.) Plaintiff applied to adjust her status to that of a U.S. lawful permanent resident on February 29, 2016; her application was denied on June 20, 2016 because "jurisdiction on her case rested with the BIA." (Id.) Plaintiff then reached out to the Office of Chief Counsel ("OCC") at Immigration and Customs Enforcement to request that they join her in a Motion to Reopen and Terminate Proceedings. (Id. ¶ 31.) OCC agreed to join her motion on June 27, 2016. (Id.) Plaintiff filed a Joint Motion to Reopen and Terminate Proceedings with the BIA, which reopened the case and terminated removal proceedings. (Id. ¶ 31.) The BIA's termination of removal proceedings against Plaintiff also revoked her removal order. (Id.)

Plaintiff then applied to adjust her status on form I-485 under 8 U.S.C. § 1255(i) as she was the beneficiary of her husband's I-130 petition (and is thus the immediate relative of a U.S. citizen), and a derivative beneficiary of the I-130 petition Kazi Islam had filed for her father. (Id.

3

¶ 32.) Plaintiff also filed form I-485A, which is required for applicants for adjustment of status to benefit from 8 U.S.C. §1255(i), and paid the $1000.00 penalty for having entered the country without inspection. (Id.) USCIS interviewed Ms. Islam on August 28, 2017. (Id.)

On June 7, 2018, USCIS denied Plaintiff's application to adjust her status because, even though USCIS had determined that she was eligible, it also determined that Ms. Islam's "case presented significant adverse factors which showed that discretion should not be exercised in her favor." (Id. ¶ 33 (quoting June 7, 2018 USCIS Denial Letter (alterations adopted)).) These "adverse factors" included "entering the United States without inspection, failing to depart the United States as required by the order of the Immigration Judge, and working without permission from USCIS." (Id. (quoting June 7, 2018 USCIS Denial Letter).) Plaintiff timely filed an appeal, and, on November 14, 2018, USCIS affirmed its denial of her application. (Id. ¶ 34.)

Plaintiff filed her complaint in this court on January 9, 2019. (Id.) She alleges that Defendants committed legal error in denying her petition to adjust her legal status, and that Defendants violated the Administrative Procedure Act, 5 U.S.C. § 701 et seq. (the "APA"). (Id. ¶¶ 35-50.) She also claims that she was denied due process and equal protection in violation of the Fifth Amendment to the United States Constitution. (Id. ¶¶ 51-59.)

On May 23, 2019, Defendants informed the court that, in April 2019, Immigration and Customs Enforcement ("ICE") issued a Notice to Appear in Removal Proceedings ("NTA") for service on Plaintiff. (Defs. May 23, 2019 Letter (Dkt. 16) at 1.) An NTA is a "charging document by which removal proceedings are initiated against a potentially removable alien." (Id.) On July 17, 2019, Defendants filed their motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction, or, alternatively, under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim for which relief may be granted. (See Notice

4

of Mot. to Dismiss (Dkt. 18); Mem.) Plaintiff responded on August 2, 2019. (See Resp. in Opp'n to Defs. Mot to Dismiss ("Opp'n") (Dkt. 23).)

## II. LEGAL STANDARD

### A. Rule 12(b)(1)

Under Rule 12(b)(1), a district court should dismiss a case when it "lacks statutory or constitutional power to adjudicate it." Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000). In reviewing a motion to dismiss under Rule 12(b)(1), the court must accept all material factual allegations in the complaint as true, but should not draw inferences favorable to the plaintiff. See Atlantic Mut. Ins. Co. v. Balfour Maclaine Int'l Ltd., 968 F.2d 196, 198 (2d Cir. 1992) (citing Norton v. Larney, 266 U.S. 511, 515 (1925)). The court may refer to evidence outside the pleadings. See Makarova, 201 F. 3d at 113 (citing Kamen v. American Tel. & Tel. Co., 791 F. 2d 1006, 1011 (2d Cir. 1986) (stating that "evidentiary matter may be presented by affidavit or otherwise" under a Rule 12(b)(1) motion)). The plaintiff bears the burden of showing, by a preponderance of the evidence, that the court has subject matter jurisdiction over her claims. See id.

### B. Rule 12(b)(6)

To survive a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A complaint must contain facts that do more than present a "sheer possibility that a defendant has acted unlawfully." Iqbal, 556 U.S. at 678. To decide Defendants' motion to dismiss, the court "will accept all factual allegations in the [c]omplaint as true and draw all reasonable inferences in [Plaintiff's] favor." L-7 Designs, Inc. v. Old Navy, LLC, 647 F.3d 419, 429 (2d Cir. 2011)

5

(citation omitted). However, the court will "identify[] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Iqbal, 556 U.S. at 679. The court must then evaluate the "well-pleaded factual allegations" and "determine whether they plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679. Even when, before discovery, "facts are peculiarly within the possession and control of the defendant," the complaint must still provide "enough fact to raise a reasonable expectation that discovery will reveal evidence of illegality." Arista Records, LLC v. Doe 3, 604 F.3d 110, 120 (2d Cir. 2010) (quoting Twombly, 550 U.S. at 556).

### III. APPLICATION

Defendants argue that the court lacks subject matter jurisdiction over this action because Plaintiff has failed to exhaust her administrative remedies. (See Mem. at 7-10). For the following reasons, the court agrees with Defendants that it lacks subject matter jurisdiction and that dismissal is appropriate pursuant to Rule 12(b)(1). Therefore, it will not address the parties' Rule 12(b)(6) arguments.

Plaintiff first argues that her claim arises under the Administrative Procedure Act (the "APA"), and so does not require exhaustion. (Opp'n at 4-6.) Plaintiff is correct that "federal courts do not have the authority to require a plaintiff to exhaust administrative remedies before seeking judicial review under the APA, where neither the relevant statute nor agency rules specifically mandate exhaustion as a prerequisite to judicial review." Howell v. Immigration & Naturalization Serv., 72 F.3d 288, 291 (2d Cir. 1995) (citing Darby v. Cisneros, 509 U.S. 137, 153-54 (1993)). But exhaustion is required once deportation proceedings have commenced against a plaintiff whose status adjustment application has been denied. See id. at 293. "This exhaustion requirement arises as a result of the administrative remedies available to [the

plaintiff] pursuant to the statutory and regulatory schemes involving adjustment of status." Id. (citing Kennedy v. Empire Blue Cross & Blue Shield, 989 F.2d 588, 592 (2d Cir. 1993)). In particular, once "deportation proceedings have commenced, [a plaintiff] has the opportunity, pursuant to the regulations, to renew her application for adjustment of status before an immigration judge." Id. Thus, in such situations, "[the plaintiff] must pursue those remedies rather than seek review in the district court." Id. Here, Plaintiff does not dispute that deportation proceedings have commenced against her, nor that she will have the opportunity to renew her application for adjustment of status before an immigration judge. The exhaustion requirement therefore applies to her claims. See, e.g., Mahon v. Johnson, 321 F. Supp. 3d 320, 324-25 (E.D.N.Y. 2018) (applying Howell to find that the court lacked subject matter jurisdiction over a claim arising out of a denial of a status adjustment application when removal proceedings had commenced against the plaintiff while her claims were pending in federal court); Blasczyk v. U.S. Dept. of Homeland Sec., No. 09-CV-5212 (JG), 2010 WL 1038690, at *2-3 (E.D.N.Y. Mar. 21, 2010) (same); Gadria v. Gantner, No. 05-CV-6621 (NRB), 2008 WL 650369, at *3 (S.D.N.Y. Mar. 6, 2008) (same).

Because the exhaustion requirement applies and Plaintiff has not exhausted her administrative remedies, the court lacks subject matter jurisdiction over this action unless Plaintiff demonstrates that an established exception to that requirement applies. See Howell, 72 F.3d at 292-94. Exhaustion may not be required when: "(1) available remedies provide no genuine opportunity for adequate relief; (2) irreparable injury may occur without immediate judicial relief; (3) administrative appeal would be futile; and (4) in certain instances [where] a plaintiff has raised a substantial constitutional question." Id. at 291 (quoting Guitard v. U.S. Sec'y of Navy, 967 F.2d 737, 741 (2d Cir. 1994)). None of those exceptions apply here. First,

7

Plaintiff cannot claim that she lacks a genuine opportunity for adequate relief because "the opportunity to apply and then have a de novo review of the [status adjustment] application in the context of deportation proceedings provides ample process." Id. (quoting Jain v. Immigration & Naturalization Serv., 612 F.2d 683, 690 (2d Cir. 1979) (quotation marks omitted)); see also Mahon, 321 F. Supp. 3d at 325. Second, requiring Plaintiff to renew her application before the Immigration Judge, instead of permitting immediate review at the district court, will not cause irreparable injury. See Mahon, 321 F. Supp. 3d at 325 (citing Howell, 72 F.3d at 293). Third, "[t]he administrative process will not be futile, since if the immigration judge approves [Plaintiff's] application for adjustment of status and the removal proceedings, she will have had an adequate remedy."[1] See id. (quoting Howell, 72 F.3d at 293 (quotation marks omitted) (alteration adopted)).

Plaintiff asserts that the fourth exception applies to her case because she has raised a substantial constitutional question. (Opp'n at 7-8.) In particular, she argues that "USCIS's adjudication of her case was unlawful and unconstitutional, in violation of her [rights to] Due Process and . . . Equal Protection of the law." (Id. at 7.)

In supporting her due process claim, Plaintiff does not dispute Defendants' assertion that she "has no constitutionally protected liberty or property interest in the proceedings' outcome," (id. at 7 (citing Wallace v. Gonzales, 463 F.3d 135, 137 (2d Cir. 2006))), but she argues that she nonetheless "has a constitutionally protected interest in the proceedings themselves" (id.).

---

[1] Plaintiff claims that administrative appeal would be futile because "the BIA cannot review the decision made by USCIS, foreclosing all review of constitutional and APA violations committed by USCIS." (Opp'n at 6.) To the extent the argument turns on the existence of Plaintiff's constitutional claims, the court will discuss it in the context of the fourth exception to the exhaustion requirement (which applies "in certain instances [where] a plaintiff has raised a substantial constitutional question," Howell, 72 F.3d at 292 (quoting Guitard, 967 F.2d at 740)). Otherwise, Plaintiff does not explain how the APA violations she asserts are different from those asserted by plaintiffs in Howell and its progeny. Here, as in those cases, the Immigration Judge may approve her status adjustment application, which would provide adequate remedy.

8

However, Plaintiff cannot make out a due process claim unless she alleges that she has some protected liberty or property interest at stake. See Matthews v. Eldridge, 424 U.S. 319, 332 (1976) ("Procedural due process imposes constraints on governmental decisions which deprive individuals of 'liberty' or 'property' interests within the meaning of the Due Process Clause of the Fifth or Fourteenth Amendment."); see also, e.g., Zhao v. Chertoff, No. 07-CV-4576 (DLI), 2009 WL 700709, at * 3 (E.D.N.Y. Mar. 15, 2009) ("There is no cognizable Fifth Amendment due process claim on adjustment proceedings or other analogous discretionary benefit hearings." (citation and quotation marks omitted)); Gadria, 2008 WL 650369, at *4 (holding that that a plaintiff did not have a substantial due process claim arising out of the denial of her status adjustment application because "[a]djustment of status is a form of purely discretionary relief" (citations omitted)); Jaskiewicz v. U.S. Dep't of Homeland Sec., No. 06-CV-3770 (DLC), 2006 WL 3431191, at *4 (S.D.N.Y. Nov. 29, 2006) ("There is no due process right at stake [in a status adjustment application] since aliens do not have an 'inherent property interest' in an immigrant visa." (quoting Azizi v. Thornburgh, 908 F.2d 1130, 1134 (2d Cir. 1990))). Since Plaintiff has not alleged the existence of a constitutionally protected liberty or property interest, she has not raised a substantial due process claim.

Although Plaintiff does not discuss her equal protection claim in opposition to the present motion, her complaint alleges that Defendants violated the equal protection guarantee contained within the Due Process clause of the Fifth Amendment (see Compl. ¶¶ 51-59). For the purpose of such an equal protection claim, "[d]istinctions among 'similarly situated' groups of aliens are subject to rational basis review." Tanov v. Immigration & Naturalization Serv., 443 F.3d 195, 202 (2d Cir. 2006) (citation omitted). "Under the rational basis standard, [a plaintiff] must

demonstrate that the government regulation is arbitrary and/or unreasonable, and not rationally related to a legitimate government interest." Id.

Plaintiff has not met her burden here. The complaint alleges that "Defendants treat similarly situated persons seeking adjustment of status [differently] by considering factors that an applicant is specifically exempt from as negative factors while not performing such a calculation for other applicants" and that Defendants "consider the same factors for people with no removal orders and for people with removal orders which were then terminated[] differently." (Id. ¶¶ 57-58.) The complaint continues to claim that "Defendants lack an adequate justification for their different treatment of applicants with prior removal orders which were then terminated and applicants without prior removal orders, both of whom entered the country unlawfully and worked without authorization." (Id. ¶ 59.) These allegations are insufficient to raise a substantial equal protection claim. While the complaint does allege that Defendants considered impermissible factors in adjudicating Plaintiff's status adjustment application, it does not allege any specific facts showing that Plaintiff was treated differently from any other similarly situated applicants. Nor does it allege any facts in support of its conclusory statement that "Defendants lack an adequate justification" for making the alleged distinction. (See id.) Moreover, Plaintiff fails to discuss her equal protection claim in her brief opposing the present motion. She has not, therefore, met her burden to establish that the complaint raises a substantial equal protection claim so as to justify an exception from the exhaustion requirement.

As Plaintiff has not raised a substantial constitutional question or exhausted her administrative remedies, the court lacks subject matter jurisdiction over her claims.

## IV. CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss is GRANTED. The Clerk of Court is respectfully DIRECTED to enter judgment and close the case.

SO ORDERED.

s/Nicholas G. Garaufis

Dated: Brooklyn, New York
August 20, 2019

NICHOLAS G. GARAUFIS
United States District Judge